UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALL ABOUT CHORES LLC *et al.*,

    Plaintiffs,                          CIVIL ACTION NO. 18-cv-12000

    v.                                  DISTRICT JUDGE ARTHUR J. TARNOW

NICK LYON, in his official capacity      MAGISTRATE JUDGE MONA K. MAJZOUB
only as Executive Director of the
Michigan Department of Health and
Human Services, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE
HARMONY'S HOUSE HOME HELP AGENCY, INC.'S MOTION TO INTERVENE**

This civil action comes before the Court on a Motion to Intervene filed by Proposed Intervening Plaintiff Harmony's House Home Help Agency, Inc. (docket no. 24) and Defendants' Motion to Strike the Motion to Intervene (docket no. 25). Proposed Intervening Plaintiff filed a Response to Defendants' Motion, to which Defendants replied. (Docket nos. 26, 27.) The Motions have been referred to the undersigned for consideration. (Docket no. 28.) The Court has reviewed the pleadings, dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

Defendants assert that Proposed Intervening Plaintiff's Motion to Intervene should be stricken because Proposed Intervening Plaintiff failed to properly seek concurrence pursuant to Eastern District of Michigan Local Rule 7.1(a) before filing the Motion. (Docket no. 25.) Local Rule 7.1(a) requires a movant to seek concurrence from the opposing party prior to filing a motion and, if concurrence is not obtained, to state in the motion whether or not the parties conferred about

the motion. E.D. Mich. L.R. 7.1(a). "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *U.S. v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. March 26, 2009). Failure to seek concurrence prior to filing a motion is cause for issuing an immediate denial of the relief requested. *Ramesh*, 2009 WL 817549, at *6; *Tubbs Bros., Inc. v. Prime Eagle, LLC*, No. 12-13104, 2012 WL 3065451 (E.D. Mich. Jul. 27, 2012) (citation omitted) ("It is not up to the Court to expend its energies when the parties have not sufficiently expended their own.").

Here, Proposed Intervening Plaintiff's counsel sent an email to Defendants' counsel on Sunday, February 10, 2019, at 9:51 p.m. to seek concurrence before filing the Motion to Intervene. (Docket no. 25-2 at 2.) At 10:04 p.m., Proposed Intervening Plaintiff's counsel filed the Motion. (*Id.* at 3-4.) Defendants' counsel responded to Proposed Intervening Plaintiff's counsel's email the next morning, Monday, February 11, 2019, at 8:22 a.m., asserted that the request for concurrence was improper, and indicated that she would therefore be filing a motion to strike. (Docket no. 26-1 at 23.)

The Motion to Intervene states that Proposed Intervening Plaintiff sought and obtained concurrence from Plaintiffs and that Defendants denied concurrence. (Docket no. 24 at 4.) This statement is disingenuous. In fact, Proposed Intervening Plaintiff's counsel sent the email seeking concurrence late on a Sunday night and filed the Motion to Intervene a mere thirteen minutes later. Defendants did not have a reasonable chance to give or deny concurrence before Proposed Intervening Plaintiff's counsel filed the Motion to Intervene. *See Powers v. Thomas M. Cooley Law Sch.*, No. 5:05-CV-117, 2006 WL 2711512, at *3 (W.D. Mich. Sept. 21, 2006) (holding that allowing an opposing party less than one business day in which to respond to a request for concurrence is "clearly an unreasonable time.").

In response to Defendants' Motion to Strike, Proposed Intervening Plaintiff explains that its request for concurrence was perfunctory because Defendants had previously stipulated to similar requests to intervene and there was no reason to withhold concurrence in the instant Motion. (Docket no. 26 at 9.) This explanation lacks merit for two reasons. First, Defendants' previous stipulation to similar requests to intervene does not bind them to concurring in or stipulating to future requests to intervene. Second, the explanation ignores the purpose of Local Rule 7.1(a). As Proposed Intervening Plaintiff points out in its Response, Local Rule 7.1(a) was "designed to streamline litigation, reduce unnecessary costs, and narrow issues." (Docket no. 26 at 12 (quoting *Rumburg v. McHugh*, No. 10-CV-11670-DT, 2010 WL 3025024, at *1 (E.D. Mich. July 29, 2010)). Had Proposed Intervening Plaintiff given Defendants a reasonable amount of time within which to respond to its request for concurrence, the parties' motion practice related to Proposed Intervening Plaintiff's intervention and the Court's expenditure of time addressing the instant Motions may have been avoided.

The Court finds that Proposed Intervening Plaintiff's "efforts" to seek concurrence are a mockery of Local Rule 7.1(a) and an abuse of process. The Court will therefore grant Defendants' Motion to Strike (docket no. 25) Harmony's House Home Help Agency, Inc.'s Motion to Intervene (docket no. 24) for failure to properly seek concurrence in accordance with Local Rule 7.1(a).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Motion to Intervene by Harmony's House Home Help Agency, Inc. [25] is **GRANTED**.

**IT IS FURTHER ORDERED** that Harmony's House Home Help Agency, Inc.'s Motion to Intervene [24] is **STRICKEN** for failure to comply with Eastern District of Michigan Local Rule 7.1(a).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 25, 2019         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: June 25, 2019         s/Sandra Osorio
                             Acting Case Manager